UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERTO PENA LABORI,

      Petitioner,

v.                                         Case No.  2:26-cv-1296-JES-DNF

U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT, et
al.,

      Respondents.
_____/

## OPINION AND ORDER

Petitioner Roberto Pena Labori, an immigration detainee currently held at Florida Soft Side South Detention Facility, initiated this action by filing a pro se 28 U.S.C. § 2241 petition for writ of habeas corpus.  (Doc. 1).  Respondents have filed a response and a supplemental response to the petition.  (Doc. 6; Doc. 11).  Labori filed a reply.  (Doc. 9).  Upon review of the filings, the Court finds that the petition must be granted.

## I.   Background

Labori, a citizen of Cuba, entered the United States on December 22, 1967.  (Doc. 6 at 1).  On July 11, 2011, Petitioner was sentenced to ten years in prison after pleading guilty to three counts of lewd or lascivious molestation of a child over twelve years of age.  (Id. at 2).  On March 8, 2018, Labori was taken into the custody of Immigration and Customs Enforcement (ICE).

(Doc. 6 at 2).   Thereafter, an immigration judge ordered him removed from the United States.  (Id.)  On July 25, 2018, Labori was released on an order of supervision.  (Id.)  On October 26, 2025, he was taken into immigration custody and informed that ICE intended to remove him to Mexico.  (Id.)

## II.  Discussion

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." Singh v. U.S. Attorney Gen., 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)).   The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  Id.  Detention may continue after the removal period, but not indefinitely.

Labori argues that he is entitled to release under Zadvydas v. Davis, 533 U.S. 678 (2001) because his post-removal-order detention exceeds six months and there is no significant likelihood of removal in the reasonably foreseeable future.  In Zadvydas, the Supreme Court held that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. at 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the

2

moment of removal." Id. at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." Id. at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. Id. If, after 180 days, the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must provide sufficient evidence to show otherwise. Id.[1]

Here, there is no dispute that Labori has been in ICE custody for more than 180 days following his latest detention. In their initial response, Respondents offer the declaration of Deportation Officer Francisco J. Fondeur, Jr. to show that a significant likelihood of removal in the reasonably foreseeable future. Officer Fondeur asserts the following:

> ICE intends to remove the petitioner to Mexico pursuant to INA § 241(b)(2)(E).
>
> On March 2, 2026, Petitioner was a Failure to Comply for Third Country Removal to Mexico at the Hidalgo, Texas Point of Entry.

---

[1] The Supreme Court subsequently clarified that inadmissible aliens held in post-removal detention are also entitled to this type of individualized review after their detention exceeds six months. See Clark v. Martinez, 543 U.S. 371 (2005) (extending Zadvydas's holding to inadmissible aliens as a matter of statutory interpretation).

(Doc. 6-9 at 2).  Officer Fondeur further states that Labori will eventually be transferred to another ICE field office where removal to Mexico will be attempted, and he describes the process necessary for that to occur.  (Id.)  On June 9, 2026, the Court directed Respondents to file supplemental response describing in detail all efforts made to secure Labori's removal.  (Doc. 10). Respondents assert that it has no "new information beyond what Federal Respondents submitted in their original response."  (Doc. 11 at 3).

Officer Fondeur's cursory statements do not demonstrate a likelihood of Labori's removal in the reasonably foreseeable future.  Notably, Respondents do not allege that Mexico has actually agreed to accept Labori or that ICE even had an approved plan for removal to Mexico that he thwarted in some way.  Further, assuming that Mexico was willing to accept Labori (notwithstanding his criminal record), Officer Fondeur does not explain why ICE could not or did not thereafter seek travel documents or otherwise plan for his removal to Mexico in a different way, such as a charter flight.  In fact, Respondents provide no evidence suggesting that ICE actually communicated with Mexico specifically regarding this petitioner.  Nor do Respondents claim that necessary travel documents have been sought—let alone obtained—for any country.  The Court's confidence in Labori's foreseeable removal

4

to Mexico is further undermined by the fact that other district courts recognize that Mexico's acceptance of a Cuban national may be contingent upon the noncitizen's agreement to go there, which Respondents admit they do not have.  See Sanchez v. Bondi, et al., No. C25-2573-KKE, 2026 WL 160882, at 3-4 (W.D. Wash. Jan. 21, 2026) (noting that Mexico's conditional acceptance casted doubt on Respondents' ability to remove the petitioner); Arenado-Borges v. Bondi, No. 2:25-cv-2193-JNW, 2020WL 3687518, at *4 (W.D. Wash. Dec. 19, 2025) ("[T]he record suggest Mexico's acceptance may be contingent on the noncitizen's consent").

In short, Respondents present no evidence showing any significant steps taken to remove Labori to Cuba or another country.  Thus, based on the evidence, or lack thereof, the Court finds that Respondents do not show a significant likelihood that he will be removed in the reasonably foreseeable future. Respondents have had more than six months since his present detention to remove Labori and are still unable to articulate a specific plan for his removal to any country.  And while there may be some possibility that Mexico will eventually accept him, "that is not same as a significant likelihood that [he] will be accepted in the *reasonably foreseeable future*."  Arenado-Borges, 2025 WL 3687518, at *4 (emphasis added, quotations omitted).  "[T]he Government cannot lock individuals in a cell indefinitely as a

5

workaround for a stalled deportation process." Romero v. Noem, No. 2:26-cv-352-KCD-NPM, 2026 WL 820499, at * 3) (M.D. Fla. May 25, 2026) (citing Zadvydas, 533 U.S. at 679).

Therefore, Labori is entitled to release from detention under Zadvydas, but he remains subject to the terms of an order of supervision. If he fails to comply with the conditions of release, Lopez Gomez may be subject to criminal penalties—including further detention. See 8 U.S.C. § 1253(b); Zadvydas, 533 U.S. at 695("[W]e nowhere deny the right of Congress . . . to subject [aliens] to supervision with conditions when released from detention, or to incarcerate them where appropriate for violations of those conditions.").

If removal becomes likely in the reasonably foreseeable future, ICE can re-detain Labori to "assur[e] [his] presence at the moment of removal." Zadvydas, 533 U.S. at 680.

### III. Conclusion

Accordingly, it is **ORDERED**:

1.    Roberto Pena Labori's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent set forth in this Order.

2.    Respondents shall release Labori within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by allowing him telephone access to notify counsel and his family of when and where he can be collected.

3.   The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on June 18, 2026.

_____

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

7